JOHN S. LEONARDO
United States Attorney
District of Arizona

LON R. LEAVITT
Assistant United States Attorney
Utah State Bar No. 11245
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Fax: (602) 514-7760
Lon.R.Leavitt@usdoj.gov

*Attorney for Thomas E. Perez,
Secretary of Labor, United States
Department of Labor*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Local 1, Independent Certified Emergency Professionals,<br><br>Defendant. | CV-14-01723-PHX-NVW<br><br>**MOTION FOR DEFAULT JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary Perez"), respectfully moves this Court for entry of default judgment against Local 1, Independent Certified Emergency Professionals ("the Union"). The Union has failed to appear or file a responsive pleading, despite numerous opportunities to do so after being served with process. Given this failure, and in light of the relevant considerations, default judgment is appropriate.

This motion is supported by the following Memorandum of Points and Authorities. A proposed Default Judgment is submitted concurrently herewith.

. . .

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

ARGUMENT

A court may enter default judgment against a party upon a showing that the party was served but failed to defend the action. *See* Fed. R. Civ. P. 55(b)(2). Upon entry of default judgment, the factual allegations of the complaint are deemed true. *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6) (an allegation unrelated to damages is deemed admitted if a responsive pleading is required and the allegation is not denied).

The decision to enter a default judgment is within the Court's discretion. *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 1093 (9th Cir. 1980). "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Factors a court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake[1]; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 940-41 (D. Ariz. 2013).

**A. Possible Prejudice to Plaintiff**

The first *Eitel* factor weighs in favor of entering default judgment because Secretary Perez will be prejudiced if default judgment is not entered. The purported, though improper and deficient, responsive pleadings have been stricken from the record (Doc. 22 and 34), and the Union—the sole defendant—has failed to appear despite proper

---

[1] Because Secretary Perez's claim for relief does not include a request for monetary damages, this factor is neutral and is not at issue.

- 2 -

service and notice of this action (Doc. 7, 35-1, and 36). If the motion for default judgment is not granted, Secretary Perez "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.  The Merits of the Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors favor a default judgment when the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Secretary Perez's complaint states a valid claim for relief. Accordingly, the second and third *Eitel* factors favor default judgment, the allegations of the Complaint should be adopted as findings of fact, and the Court should conclude as a matter of law that Secretary Perez is entitled to the relief requested in the Complaint.

### C.  Possible Dispute Concerning Material Facts

The Union has failed to appear, contest the allegations, or file a responsive pleading, despite numerous opportunities and requirements to do so. Thus, it is unlikely that this litigation will resolve a dispute concerning material facts. This factor therefore weighs in favor of granting default judgment. *See Hartford Life and Acc. Ins. Co. v. Gomez*, No. CV 13-1144-PHX-BSB, 2014 WL 129052, at *5 (D. Ariz. Jan. 6, 2014) (concluding that the fifth *Eitel* factor weighed in favor of default judgment because there was little possibility of a dispute concerning the material facts since defendant did not make any effort to challenge the complaint or otherwise appear).

### D.  Whether Default Was Due to Excusable Neglect

Secretary Perez served process on the Union on August 11, 2014 (Doc. 7). Moreover, several motions and other filings have been served on the Union—and the Court has granted more than one extension of time for the Union to respond and appear—since that time, but the Union has failed to do so. Furthermore, on November 14, 2014, the Clerk of Court, at Secretary Perez's request, entered default against the Union (Doc. 36). The Union has also failed to provide any explanation for its failure to appear, comply with Federal Rule of Civil Procedure 12, or meet the Court's various deadlines. It

therefore is unlikely that "the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.,* No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008) (excusable neglect unlikely because defendants were properly served with summons and complaint and failed to respond).

### E. The Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, the Union's failure to file a proper answer or other response to the Complaint, as required, "makes a decision on the merits impractical, if not impossible." *Id*. The Court therefore is not precluded from entering default judgment. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

## II.

## CONCLUSION

With the exception of documents that were stricken by order of the Court, neither the Union nor any other person or entity filed an answer or responsive pleading as required. Default judgment is warranted when a party fails to answer a complaint after being properly served. *See Employee Painters' Trust v. Ethan Enterprises, Inc*., 480 F.3d 993, 995 (9th Cir. 2007); *see also Perry v. Joseph*, No. 1:07-CV-00947, 2008 WL 1767079, at *1 (S.D. Ohio Apr. 15, 2008) (because defendants ignored the complaint, were in default, and were not defending the action, the entry of default judgment was appropriate). As a result, and because the relevant factors favor default judgment, Secretary Perez respectfully requests that default judgment be entered against the Union.

. . .

. . .

. . .

. . .

. . .

Respectfully submitted this 14th day of November, 2014.

          JOHN S. LEONARDO
          United States Attorney
          District of Arizona

          s/ Lon R. Leavitt
          _____
          LON R. LEAVITT
          Assistant United States Attorney

*Attorney for Thomas E. Perez, Secretary of Labor, United States Department of Labor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2014, I caused a copy of the within and foregoing **MOTION FOR DEFAULT JUDGMENT**, together with the proposed Default Judgment, to be served on Local 1, Independent Certified Emergency Professionals, as follows:

☒ By electronic transmission to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing; and

☒ By United States mail, postage fully prepaid, at the following address:

> Local 1, Independent Certified Emergency Professionals
> c/o Joshua Barkley, President
> 2234 West Riviera Drive
> Tempe, Arizona 85282

s/ Lon R. Leavitt
Office of the United States Attorney